### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Richard M. Greenwood,                       Case No. 05-73553

       Plaintiff,                       Honorable Arthur J. Tarnow
                                            United States District Judge

v.

                                            Steven D. Pepe
Kenneth F. Raznick,                         Magistrate Judge

       Defendant.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO CONSIDER SUPPLEMENTAL BRIEF [DE 41], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DE 35], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DE 34]

Before the Court are three motions: Plaintiff's motion to consider supplemental brief [DE 41], Plaintiff's motion for summary judgment [DE 35], and Defendant's motion for summary judgment [DE 34]. Oral argument was held for the latter two on March 14, 2007. At that time, the Court denied Plaintiff's motion for summary judgment, and granted Defendant's. However, before the written order was filed, Plaintiff submitted his motion to consider supplemental brief. The Court treats such a motion as a motion for reconsideration.

Local Rule 7.1, Motion Practice, states that

[g]enerally, . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must . . . demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Local R. 7.1(g)(3).

Plaintiff's arguments in support of reconsideration are that factual issues preclude summary judgment, as do three "questions of law." Plaintiff argues that the express terms of the contractual

release at issue preclude application of Cal. Civ. Code § 1589, that the doctrine of estoppel by acceptance does not apply to written contracts, and that estoppel should not be applied due to Defendant's unclean hands.

First, all questions of fact asserted by Plaintiff result from Plaintiff's own affidavit. "After a motion for summary judgment has been made, a party may not create a factual issue by filing an affidavit that contradicts her earlier deposition testimony." *Kelso v. City of Toledo*, 77 Fed.App'x. 826, 834 (6th Cir. 2003) (citing *Reid v. Sears, Roebuck and Co.*, 790 F.2d 453, 460 (6th Cir.1986)). Such is the case here.

Furthermore, the record indicates that all Plaintiff's legal arguments were addressed during oral argument, or could have been. Plaintiff has introduced new case law in his motion for reconsideration. However,

> [m]otions for reconsideration cannot be used to introduce new legal theories for the first time, *to raise legal argumentation which could have been heard during the pendency of the previous motion*, or to present evidence that could have been adduced during the pendency of the original motion.

*Tkach v. Stonepath Logistics Services*, 2005 WL 1050280, *1 (E.D.Mich. 2005) (citing *Helton v. ACS Group*, 964 F.Supp. 1175, 1182 (E.D.Tenn.1997)) (emphasis added). In addition, "motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments." *Id.*

Plaintiff has presented no evidence or argument in support of a "palpable defect" which would have misled the Court. Nor is there any indication that a different disposition of the case should result.

For the reasons stated on the record at the motion hearing, as well as for the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's motion to consider supplemental brief [DE 41] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for summary judgment [DE 35] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for summary judgment [DE 34] is GRANTED.

SO ORDERED.


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: November 1, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 1, 2007, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager